**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

ARTURO TORRES,

     Petitioner,

v.                                   Civ. No. 15-828 MV/GJF

TIMOTHY HATCH, Warden, et al.,

     Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Petitioner's "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" ("Petition"), filed on September 18, 2015.  ECF No. 1.  Having reviewed the pleadings and extant case law, the undersigned recommends that the presiding judge find the Petition to be time-barred.  Further, because it is time-barred, the undersigned recommends the Petition be dimisssed with prejudice.[1]

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On October 29, 2002, Petitioner pleaded guilty in state court to fourteen charges, including five counts of armed robbery, three counts of conspiracy to commit armed robbery, one count of aggravated battery, one count of aggravated burglary, one count of conspiracy to commit aggravated burglary, two counts of false imprisonment, and one count of shoplifting. Resp'ts' Answer ("Answer") Ex. B at 1, ECF No. 8.  In exchange for his plea and pursuant to a plea agreement, the State dismissed nineteen other charges filed against Petitioner.  *See id*., Ex. B at 2.  On January 30, 2003, District Court Judge V. Lee Vesely sentenced Petitioner to sixty-three and one half (63 1/2) years of incarceration, with all but sixteen (16) years suspended.  *Id.*,

[1] The controlling issue in the Petition is susceptible to resolution based upon the materials already before the Court. Thus, an evidentiary hearing is unnecessary.  *See Anderson v. Attorney Gen. of Kan*., 425 F.3d 853, 858-59 (10th Cir. 2005) (noting that evidentiary hearing not required where record is sufficient to rule).

Ex. A.  The judgment and sentence memorializing these facts was filed on February 18, 2003.
*Id.*

Petitioner did not appeal his conviction.  Instead, eleven years after the imposition of his sentence, on November 18, 2014, Petitioner filed a post-conviction pleading entitled "Petition for Post-Conviction Remedy."  *Id.*, Ex. C.  District Court Judge J.C. Robinson, after finding that the pleading was "in substance … a Habeas Petition," held that "[b]ased on the face of the motion and the prior proceedings in the case Petitioner is not entitled to relief as a matter of law."  *Id.*, Ex. D.  Judge Robinson dismissed Petitioner's state habeas action on November 20, 2014.  *Id.*  On January 23, 2015, Petitioner filed a petition for a writ of certiorari to the New Mexico Supreme Court.  *Id.*, Ex. F.  The court denied that petition on April 6, 2015.  *Id.*, Ex. G.

Petitioner filed the instant Petition in this Court on September 18, 2015.  ECF No. 1.  Respondents filed their Answer on October 21, 2015.  ECF No. 8.  Respondents argue that the Petition should be dismissed because it is time-barred and because it is a "mixed" petition containing both exhausted and unexhausted claims.  Answer 6-13, ECF No. 8.  Because a time bar would control the disposition of this case, this Court ordered Petitioner to file a reply on the issue – and to any other issue raised in the Answer – by no later than April 22, 2016.  ECF No. 10.  Further, upon Petitioner's Motion, this Court extended the reply time to April 29, 2016.  ECF No. 13.  Even so, and despite the passage of an additional five weeks, Petitioner has failed to reply.

## II.   ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended federal habeas corpus procedures by adding a one-year limitation period for § 2254 petitions.  *Pliler v. Ford*, 542 U.S. 225, 230 (2004).  The AEDPA became effective on April 24, 1996. *Rogers v. Gibson*,

173 F.3d 1278, 1282 n.1 (10th Cir. 1999).  Because Petitioner was convicted and sentenced after this date, his federal habeas petition is subject to the AEDPA's one-year limitation period.

Title 28 U.S.C. § 2244(d)(1)(A) provides that the one-year limitation period begins to run from the date on which the judgment of conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."  *Gonzalez v. Thaler*, 132 S.Ct. 641, 653–54 (2012) (where state prisoner does not seek review in a state's highest court, the judgment becomes "final" for purposes of § 2244(d)(1)(A) on the date that the time for seeking review expires).

The AEDPA one-year limitation period is subject to tolling as set forth in 28 U.S.C. § 2244(d)(2), which provides: "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  The United States Court of Appeals for the Tenth Circuit has determined that the pendency of a state post-conviction application "encompass[es] all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies."  *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).  "[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law."  *Serrano v. Williams*, 383 F.3d 1181, 1184 (10th Cir. 2004) (alteration in original) (internal quotation marks omitted). However, tolling merely pauses the clock; it does not restart the limitations period after it has passed.  *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001).  Thus, once the statute has run, a collateral action cannot revive it.  *Id.*

Rule 12-201(A)(2) of the New Mexico Rules of Appellate Procedure provides that parties must file an appeal within thirty (30) days of a state district court's judgment. *Gutierrez v. King*, 426 F. App'x 671, 672 (10th Cir. 2011) (unpublished). Thus, Petitioner's judgment became final on Thursday, March 20, 2003, thirty (30) days after entry of the Judgment and Sentence on February 18, 2003. He then had one year, or until March 20, 2004, in which to file his federal habeas petition, subject to tolling.

Although Petitioner did not appeal his conviction, he did file a "Petition for Post-Conviction Remedy" some eleven (11) *years* after his conviction became final. Answer Ex. C. Under Tenth Circuit precedent, the one-year time period in which to file a federal habeas petition is tolled during the pendency of a *properly* filed motion to modify sentence. *See Howard v. Ulibarri*, 457 F.3d 1146, 1150 (10th Cir. 2006). In this case, however, Petitioner did not file his habeas action until September 18, 2015, more than eleven years after the deadline. Thus, the collateral attack on his sentence did not toll the limitations period because it was filed after the deadline had run. *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (holding that once a statute has run, a collateral action cannot revive it). And, although given substantial time to attempt to justify why the Petition should not be dismissed as time-barred, Petitioner has failed to do so. The record is completely devoid of any evidence that would support the lawful and proper application of equitable tolling.

Having found and concluded that the Petition is time-barred, I do not address Respondents' other arguments.

### III.     RECOMMENDED DISPOSITION

The undersigned recommends that Petitioner Arturo Torres's "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" [ECF No. 1] be **DENIED** as time-barred under 28 U.S.C. § 2244(d)(2), and that this action be **DISMISSED WITH PREJUDICE.**

**IT IS SO RECOMMENDED.**

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). Any request for an extension must be filed in writing no later than seven days from the date of this filing. **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**